UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| Allen Lahodny, | § | CIVIL ACTION NO. |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| Formosa Plastics Corp. Texas, | § | |
| Defendant. | § | A JURY IS DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

If Formosa Plastics had judged Allen Lahodny on his abilities and the quality of his work, he would still be working at the Formosa facility in Port Comfort, Texas. But it refused to do so, even though he had worked there for almost eighteen years and Formosa had repeatedly recognized him for his excellent work. When he requested a reasonable accommodation for his disability, Formosa management reacted angrily and ultimately removed him from work. Rather than make even a pretense of complying with federal and state law, Formosa told Mr. Lahodny that no accommodation could be made for him because if it granted one to him, others would want one too. This then is a case of an employer willfully refusing to follow disability law, even when a long-term, productive employee asked it to do so repeatedly.

JURISDICTION AND VENUE

1.      This case is brought under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. and Chapter 21 of the Texas Labor Code. This Court has jurisdiction of this case according to 28 U.S.C. §§ 1331, 1332 and 1343, and 42 U.S.C. § 2000e-5(f)(3), which is incorporated into the ADA at 42 U.S.C. § 12117(a). This action is not related to any other case

1

filed in this court.

2.      The plaintiff has exhausted his administrative remedies and complied with statutory prerequisites by timely filing a charge of discrimination with the EEOC and the Texas Workforce Commission Civil Rights Division to challenge the disability discrimination he suffered by Defendant Formosa Plastics Corporation Texas ("Formosa Plastics" or "Formosa"). He has requested a right to sue from both the state and federal authorities and has received a right to sue letter from the Equal Employment Opportunity Commission.  Plaintiff timely files this lawsuit to vindicate his rights.

3.      Mr. Lahodny was working at the Formosa plant in Point Comfort, Texas, and would have continued to work there if he had not been wrongfully terminated.  Venue is invoked pursuant to 42 U.S.C. § 2000e-5(f)(3), which is incorporated into the ADA at 42 U.S.C. § 12117(a).

PARTIES

4.      The plaintiff Allen Lahodny is an adult resident of Dewitt County, Texas.

5.      The defendant Formosa Plastics Corporation Texas is a corporation organized and existing under the laws of the State of Delaware and doing business within the State of Texas.  It may be served with process through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

STATEMENT OF FACTS

6.      The defendant hired Allen Lahodny to work as a Process Operator in the defendant's Ethylene Glycol (EG) Department in 1998.  Over his almost 18 years of employment, the defendant recognized that Mr. Lahodny was a good and hard-working

2

employee.  The defendant named him the EG Employee of the Year in 2012. Prior to that, defendant selected him as Employee of the Quarter in 2002 and 2006.  His peers considered him one of the best EG operators in the plant.

7.       All went well at work until Mr. Lahodny requested an accommodation for his disability.   The issue arose in September 2015, when supervisor John Mendez assigned him to pressure up and soap check the GC-610 column and find leaks. Because of his disability, fully described below, he felt unsafe climbing to the almost 100 foot heights involved in that assignment, Mr. Lahodny explained to Mr. Mendez that he would find another worker to do it, with no hardship to Formosa.  Mr. Mendez said that was fine.  Mr. Lahodny then climbed up to about 25 feet to turn on the nitrogen pressure valve to get the process started.

8.   However, within 24 hours, Formosa summoned him to a meeting with management officials Sherman Ko, Chris Molnoskey, Leo Yendrey and John Mendez. They demanded to know why he was asking for such an adjustment and berated him, telling him that his coworkers were complaining about him.

9.       Mr. Lahodny was both stunned and uncomfortable with the hostility that his accommodation request caused.  All he sought was the kind of teamwork approach that Formosa had promoted over the years and that his team had long practiced.  But now, rather than allowing for such a minor accommodation, he faced a large group demanding that he explain his medical condition and demeaning his suggestions to mitigate the problem.  This kind of response violates disability law.  Despite Formosa's hostility to him, he complied and explained his medical condition and justified his suggestions to mitigate its effect on him while at work.  He explained how climbing to great heights at times made him extremely insecure because of his medical

condition. He explained that his disability need not interfere with his productivity. Formosa's response: total hostility. Mr. Ko cut him off, saying "Everyone must climb," as if Mr. Lahodny had asked that he be relieved of all climbing. Mr. Ko made no attempt to hide his negative attitude. He offered nothing but hostility unmitigated with any good faith.

10.    Mr. Yendrey then commented that Formosa was not sure how to handle the situation in order to be "fair" to the coworkers who were "asking questions" about Mr. Lahodny's situation. Again, this response violates disability law. Mr. Lahodny said he would be happy to discuss his medical condition with other operators who did not know about his condition already. That offer was rejected by Formosa. Instead, it refused to discuss accommodations with him, even accommodations his coworkers had worked out with him. Mr. Ko's only solution was for Mr. Lahodny to make the condition would go away. This happened even though Mr. Ko had signed Mr. Lahodny's FMLA paperwork every year and knew full well that it was chronic – not curable. Mr. Ko had even asked Mr. Lahodny questions about the disability over the years.

11.    Mr. Lahodny's condition is chronic inflammatory demyelinating polyneuropathy. Since his diagnosis in 2010, Mr. Lahodny has faithfully followed his doctor's treatment plan, and he informed Formosa about this condition in paperwork that would be necessary if and when he needed FMLA leave. However, such was Mr. Lahodny's commitment not to miss work that he always scheduled his medical treatments on his days off. Because he worked with other colleagues as a team, Mr. Lahodny occasionally asked for help with certain duties like climbing tall ladders, a task that was now more challenging for him at times. In exchange, he would offer to do parts of the person's job to more than make up for the trade by running samples,

exchanging with another employee to watch the DCS board, dragging hoses or overhauling work bicycles. Those arrangements were part of the teamwork Formosa promoted and never caused any hardship on Formosa. They were the result of good employees working together to get the job done. His coworkers accommodated him but his management refused.

12.    After that September meeting, Mr. Lahodny, in an effort to persuade Formosa management to agree to accommodations, shared many other accommodation requests. Instead of engaging him in a good faith productive discussion about balancing his and the company's needs, Formosa ordered him off the jobsite. In October 2015, after Mr. Lahodny had used up all of his vacation and sick days, Formosa notified him that he needed to take disability leave. When he asked again about accommodations, he was told that the company could not make accommodations because if it did, then more people would want one. He was also told Formosa had made a job for someone before and then "got sued". He tried to convince Formosa to return him to work, but they refused to do so.

13.    For months, Formosa continued this refusal, just as it refused to talk to him about his requests for accommodation. This continued even after Mr. Lahodny passed the functional capacity evaluation Formosa ordered him to take. Undeterred, Formosa would still not allow him to work. Finally, given Formosa's refusal to accommodate him or allow him to work, he found another job with a more cooperative employer in order to support his family. He never wanted to end his long career at Formosa, but Formosa steadfastly refused to allow him to return to work. Formosa knew how productive Mr. Lahodny was as an employee, yet with conscious indifference, it refused to engage him, refused to deal in good faith with him regarding his condition and accommodations, and constructively discharged him.

5

COUNT I

The Americans with Disabilities Act

14.    The plaintiff performed his job with distinction, but was removed and terminated because of a neurological disability in violation of 42 U.S.C. § 12112(a), (b)(1), (b)(3), and (b)(5) and 42 U.S.C. § 12203.  He has an actual disability as he was assessed by the defendant. Defendant failed to accommodate his disability.  He was also discriminated against because of a record of a disability.  Ultimately, the defendant constructively discharged Mr. Lahodny. Defendant's conduct violates the Americans with Disabilities Act, which prohibits discrimination in employment on the basis of disability and requires reasonable accommodation of disabilities.  The plaintiff is a qualified individual with a disability and was discriminated against because of his disability, causing his damages.

COUNT II

Texas Labor Code

15.    The plaintiff performed his job with distinction, but was removed and constructively discharged because of a neurological disability in violation of Tex. Labor Code §§ 21.051, 21.055, and  21.128(a).  He has an actual disability as he was assessed by the defendant. Defendant failed to accommodate his disability.  He was also discriminated against  because of a record of a disability.  Ultimately, the defendant constructively discharged Mr. Lahodny. Defendant's conduct violates the Texas Labor Code, which prohibits discrimination in employment on the basis of disability and requires reasonable accommodation. The plaintiff is a qualified individual with a disability and was discriminated against because of his disability, causing his damages.

6

<u>DAMAGES</u>

16.    The damages suffered by the plaintiff include lost wages and benefits as well as compensatory damages for the injuries suffered at the hands of the defendant, including, but not limited to, mental anguish.

17.    Further, because Defendant's actions were of the sort that render the imposition of punitive damages appropriate, the plaintiff is entitled to an award of these damages, which he seeks.

<u>RELIEF REQUESTED</u>

WHEREFORE, the plaintiff asks this court to enter a judgment:

a.  Declaring that the acts and practices complained of in this Complaint are in violation of the Americans with Disabilities Act and the Texas Labor Code;

b.  Enjoining and permanently restraining these violations of law;

c.  Directing the defendant to pay the plaintiff actual and compensatory damages that he suffered, past and future;

d.  Directing the defendant to award him front pay;

e.  Directing the defendant to pay the plaintiff punitive damages for its conduct in an amount as yet to be ascertained;

f.  Awarding the plaintiff pre-judgment interest on the amounts owed at the maximum rate allowed by law;

g.  Awarding the plaintiff the costs of this action, together with reasonable attorneys' fees and expert witness fees;

h.  Awarding the plaintiff post-judgment interest on the amount of judgment until paid at the maximum rate allowed by law; and

i.  Awarding the plaintiff such other relief, legal or equitable, as may be warranted.

JURY DEMAND

Plaintiff demands a jury trial.

Respectfully submitted,


/s/ John W. Griffin, Jr.
State Bar No. 08460300
Michael Neuerburg
State Bar No. 24075562
203 North Liberty Street
Victoria, Texas 77901
(361) 573-5500
Fax: (361) 573-5040


Katherine L. Butler
Federal I.D. No. 4734
State Bar No. 03526300
Paul R. Harris
Federal I.D. No. 897365
State Bar No. 24059905
1007 Heights Boulevard
Houston, Texas  77008
(713) 526-5677
Fax (888) 370-6038

Counsel for the plaintiff